NO. 07-03-0148-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 23, 2004

_____

TONY G. BAILEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-439,301; HON. BRADLEY UNDERWOOD, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant, Tony G. Bailey, appeals his convictions for possessing, with intent to deliver, a controlled substance (methamphetamine) and manufacturing a controlled substance. His sole issue on appeal involves whether he voluntarily consented to a second search of his house. As a result of that search, the contraband in question was found. So too was it later admitted into evidence at trial prior to appellant attempting to suppress its admission. We affirm the judgment of the trial court.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 1998).

The record illustrates that when the police arrived at appellant's home they did so with the intent to search for an individual named Roberts. Appellant invited the police in and permitted them to look for Roberts. After discovering various items of contraband, the police testified that they asked for and received additional consent to conduct an additional search for drugs and drug-making paraphernalia. On appeal, appellant contends that the contraband found should have been suppressed because the second purported instance of consent was coerced. However, this reason for suppressing the evidence was never mentioned below. Indeed, appellant denied, at trial, that he even consented to the second search of his abode. Having denied that he even consented to a second search, he could have hardly argued that his consent to the second search was coerced. So, because the ground underlying his claim on appeal does not match that uttered at trial, it was not preserved for review. *See Johnson v. State,* 651 S.W.2d 303, 311 (Tex. App.--San Antonio 1983, no pet.) (holding that the appellant was precluded from seeking review of the voluntariness of his girlfriend's consent to search when his objection at trial was that the police failed to obtain permission from him to search).

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Justice

Do not publish.


2